**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4713**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JOE D. MILLS, JR.,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (4:08-cr-00012-F-1)

───────────

Submitted: February 7, 2012          Decided: February 23, 2012

───────────

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe D. Mills, Jr. appeals the district court's judgment imposing a thirty-six month sentence upon revocation of his probation. Mills does not dispute that he violated the terms of his probation, but instead challenges the procedural reasonableness of his sentence. We affirm.

We review sentences imposed upon revocation of probation to determine whether they are plainly unreasonable. United States v. Moulden, 478 F.3d 652, 655 (4th Cir. 2007). The first step in this review analyzes whether the sentence imposed is unreasonable at all, taking "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." Id. at 656 (internal quotation marks omitted). Although a sentencing court must consider the non-binding policy statements in Chapter 7 of the Guidelines as well as the applicable 18 U.S.C. § 3553(a) (2006) factors, it "retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum." Id. at 656-57. A sentencing court must provide a statement of reasons for the sentence imposed, but this statement need not be as specific as one addressing a departure from a "traditional" Guidelines range. Id. at 657. If the revocation sentence is unreasonable, we must then determine whether it is plainly so. Id.

We find that the district court adequately explained its reasons for imposing the thirty-six month revocation sentence. In rejecting Mills' request for a shorter sentence followed by a term of supervised release conditioned on in-patient substance abuse treatment, the district court recounted Mills' pattern of supervision violations and relapse into substance abuse following treatment. Thus, the district court deemed Mills no longer suitable for community supervision. We find the district court's explanation sufficient in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED